**Linda J. Larkin**, OSB# 792954
E-mail: larkinl@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR   97204-3149
Telephone:  503-227-4600
Facsimile:  503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE        Plaintiffs,<br><br>vs.<br><br>SUNDOWN ELECTRIC COMPANY, an Idaho Corporation, GENE C. NELSON, and BETSY NELSON,<br>            Defendants. | Civil No. _____<br><br>COMPLAINT<br><br>(ERISA Action for Delinquent Contributions, Pendent Claims for Breach of Agreement) |

**PARTIES**

1. At all material times hereto, Plaintiff the Oregon-SW Washington NECA-IBEW Electrical Workers Audit Committee, comprised of Timothy J. Gauthier and Gary Young (the "Audit Committee"), was and is the designated collection agent for the trustees of the Trust Funds, authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or withheld from their employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2. Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers, Local 48 ("Local 48"), International Brotherhood of Electrical Workers Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), and the Barnes-Allison Labor-Management Cooperation Trust Committee ("BALMCC"), the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds and Local 48 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of wage withholdings, fringe benefit contributions, interest, liquidated damages, and collection costs.

3. At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4. At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

5. At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. NEBF is administered by a Board of Trustees

composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6. At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7. At all material times hereto, the Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8. At all material times hereto, BALMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. BALMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9. At all material times hereto, Local 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

10. Hereafter, Harrison Trust, Edison Trust, NEBF, Training Trust, BALMCC, and District 9 Pension together will be collectively referred to as the Trust Funds ("Trust Funds").

11. At all material times hereto, defendant Sundown Electric Company was and is an Idaho corporation registered to do business in Oregon as Sundown Electric Company; Defendants Gene C. Nelson and Betsy Nelson are individuals and authorized representatives of Sundown Electric Company.

## JURISDICTION AND VENUE

12. This court has jurisdiction over the First Claim for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145, and pursuant to 29 USC §185.

13. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

14. At all material times to this proceeding, defendant Sundown Electric Company was bound by written CBAs with Local 48; and, Defendants Gene C. Nelson and Betsy Nelson are authorized representatives and officers of Sundown Electric Company.

15. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

16. By virtue of the provisions in the CBAs, defendant Sundown Electric Company agreed to be bound to the terms of the Trust Agreements and plans for each fringe benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

17. The Trust Agreements provide that plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

18. The Court should assume pendent jurisdiction over the Second and Third Claims for Relief against defendants which alleges breach of contract for the following reasons:

    a. The Court has jurisdiction over Plaintiffs' First Claim for Relief which alleges violations of ERISA and of the LMRA;

    b. The Second Claim for breach of contract and the Third Claim for conversion are based upon the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

      c.      Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Second and Third Claims for Relief.

### FIRST CLAIM FOR RELIEF

### (ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)

19.    Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 18 of this complaint as if set forth in full.

20.    Under the terms of the CBAs, defendant Sundown Electric Company agreed to report labor performed by its employees and pay all contribution and withholdings required under the CBAs and applicable Trust Agreements.

21.    Under the CBAs, defendant Sundown Electric Company also agreed:

    a.    To file contribution reports for each period of covered employment;

    b.    To pay contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

    c.    To pay liquidated damages to the Trust Funds for each month of delinquent contributions;

    d.    To pay interest at the rate of 1.0 percent per month from the date contributions were due, until paid; and

    e.    To pay reasonable attorney fees and costs for all collection efforts.

22.    Defendant Sundown Electric Company filed reporting but failed to properly fund reports as required under the terms of the CBAs for the hours worked by its employees for the periods of September and October 2015.

23.     The total underpayment of contributions as disclosed by reporting submitted by Defendant is in the sum of $48,392.78, all of which remains outstanding and unpaid.

24.     Based upon the unpaid contributions defendant Sundown Electric Company owes to the Trust Funds under the Trust Agreements, as amended, which govern the Trust Funds, now due and owing from defendant Sundown Electric Company are liquidated damages to which the Trust Funds are entitled under the Agreements and 29 USC § 1132(g)(2) in the sum of $4,943.77. Liquidated damages are calculated at the maximum rate because the employer Sundown Electric Company has been delinquent more than three times during the calendar year.

25.     Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements, as amended, which govern the Trust Funds now due and owing from defendant Sundown Electric Company is interest on the unpaid contributions at the rate of one (1.0%) percent per month from the date contributions were due until paid or the sum of $203.48 through November 30, 2015.

26.     The Trust Agreements, as amended, which govern the Trust Funds provide that, in the event that defendant Sundown Electric Company fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee and all their costs to be determined herein.  Plaintiffs are also entitled to their reasonable attorney fees and costs under the provisions of 29 USC § 1132(g) (2).

## SECOND CLAIM FOR RELIEF

### (PENDANT CLAIM FOR BREACH OF CONTRACT)

27.     Plaintiffs re-allege paragraphs 1 through 26 above as if fully set forth herein.

28.     The CBAs provide that the Audit Committee shall enforce collection of, and defendants shall collect by wage withholding and forward to the Audit Committee collection

agent, certain amounts due to employees for union and working dues, the Political Action Committee and vacation funds.

29. The CBAs provide that defendants shall pay to the Audit Committee's collection agent certain amounts due to employees for Administrative Fund contributions.

30. The amounts due for union dues, the Political Action Committee contributions working dues, vacation funds and the Administrative Fund are due and payable on the 15th day of the month following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

31. For the months of September and October 2015, defendant reported but did not pay the wages withheld or the sums due for: union dues, the Political Action Committee contributions working dues, vacation funds, and Administrative Funds in the amount of $5,781.88.

32. Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine per cent per annum. Interest accrues daily on the total amount due for PAC, union dues, working dues, vacation funds, and Administrative Funds at the rate of nine (9%) per cent per annum. Plaintiffs should be awarded interest on the balance due for wages withheld and/or due from the date due until Judgment is obtained at the rate of nine (9%) per cent per annum or the sum of $50.69 calculated through December 7, 2015.

## THIRD CLAIM FOR RELIEF

### (PENDANT CLAIM FOR CONVERSION)

33. Plaintiffs re-allege paragraphs 1through 32 above as if fully set forth herein.

34. Defendants Gene C. Nelson and Betsy Nelson in their capacity as authorized representatives of defendant Sundown Electric Company have intentionally exercised dominion

and control over the union dues, the Political Action Committee contributions, working dues, and vacation funds which amounts were withheld from employee wages under their direction.

35.     The wage withheld union dues, the Political Action Committee contributions, working dues, and vacation funds are required to be paid to the Trust Funds collection agent by the 15th day of the month following the month in which the union dues, the Political Action Committee contributions, working dues, and vacation funds were withheld from wages.

36.     For the months of September and October 2015 Gene C. Nelson and Betsy Nelson have failed and refused to pay the Trust Funds collection agent the amounts withheld from the employee wages for union dues, the Political Action Committee contributions, working dues, and vacation funds in the sum of $5,781.88 which amount remains within the dominion and control of Gene C. Nelson and Betsy Nelson.

37.     Under the policies of the Trust Funds the plaintiffs are requested to collect wage withheld items and contributions and to the extent that defendants Gene C. Nelson and Betsy Nelson have withheld from wages amounts due to the Trust Funds for union dues, the Political Action Committee contributions, working dues, vacation funds, Plaintiffs are damaged in the amount of $5,781.88.

WHEREFORE, plaintiffs pray for judgment against defendants as follows:

1.      Under the First Claim for Relief from defendant Sundown Electric Company:

    a.      For unpaid contributions in the amount of $48,392.78;

    b.      For liquidated damages due arising from the non-payment of contributions in the sum or $4,943.77; and

    c.      For interest arising from the late payment of calculated at the rate of 1% per month from the date payment was due for each month through the date

          payment is received, or calculated in the amount of $203.48 through November 30, 2015.

2. Under the Second Claim for Relief against defendant Sundown Electric Company:

    a. For wage withholdings in the sum of $5,781.88; and

    b. For interest at the rate of nine per cent per annum or calculated from the date each payment was due through December 7, 2015 in the total sum of $50.69.

3. Under the Third Claim for Relief against defendants Gene C. Nelson and Betsy Nelson:

    a. For conversion of wage withholdings in the sum of $5,781.88; and

4. Under all claims for relief above, for plaintiffs' reasonable attorney fees and costs and disbursements incurred herein.

DATED this 9th day of December, 2015.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone: 503-227-4600
E-Mail: larkinl@bennetthartman.com
Attorney for All Plaintiffs